**Henry SHORE, Regional Director for Region Six of the National Labor Relations Board, for and on Behalf of the NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, CARPENTERS DISTRICT COUNCIL OF WESTERN PENNSYLVANIA, AFL–CIO, Respondent.**

Civ. A. No. 69–1233.

United States District Court
W. D. Pennsylvania.

Nov. 7, 1969.

F. J. Surprenant, Atty., N. L. R. B., Pittsburgh, Pa., for petitioner.

J. M. Maurizi, of Suto, Power, Balzarini & Walsh, Pittsburgh, Pa., for respondent.

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER OF COURT

MARSH, Chief Judge.

This cause came on to be heard upon the verified petition of Henry Shore, Regional Director for Region Six of the

National Labor Relations Board (hereinafter called the Board), for a temporary injunction pursuant to Sec. 10(*l*) of the National Labor Relations Act (hereinafter called the Act), as amended, 29 U.S.C. Sec. 160(*l*), pending the final disposition of the matters involved herein pending before the Board, and upon the issuance of an order to show cause why injunctive relief should not be granted as prayed in said petition. Respondent filed an answer to said petition. A hearing on the issues raised by the petition and answer was duly held on November 4 and 5, 1969. All parties were afforded full opportunity to be heard, to examine and cross-examine witnesses, to present evidence bearing on the issues, and to argue on the evidence and the law. The court has fully considered the petition, answer, evidence, and arguments of counsel. Upon the entire record, the court makes the following:

## FINDINGS OF FACT

1. Petitioner is Regional Director for Region Six of the Board, an agency of the United States, and filed the petition herein for and on behalf of the Board.

2. On or about October 16 and 24, 1969, Laborers' International Union of North America, The Laborers' District Council of Western Pennsylvania, AFL–CIO (hereinafter called the Laborers) pursuant to provisions of the Act, filed with the Board a charge and an amended charge, respectively, alleging that the United Brotherhood of Carpenters and Joiners of America, Carpenters District Council of Western Pennsylvania, AFL–CIO (hereinafter called respondent), a labor organization, has engaged in, and is engaging in, unfair labor practices within the meaning of Sec. 8(b) (4) (i) and (ii), subparagraph (B), of the Act, as amended, 29 U.S.C. Sec. 158(b) (4) (i) and (ii).

3. The aforesaid charges were referred to petitioner as Regional Director for Region Six of the Board.

4. There is, and petitioner has, reasonable cause to believe that:

(a) Respondent is an unincorporated association and is an organization in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment or conditions of work.

(b) Respondent maintains its principal office at Pittsburgh, Pennsylvania, and, at all times material herein, has been engaged within this judicial district in transacting business and in promoting and protecting the interests of its employee members.

(c) At all times material herein, Eugene Solomon, business agent of respondent, and Robert Haberer, steward of respondent, have been, and are, agents of respondent.

(d) L–D Building Company (hereinafter called L–D), a Pennsylvania corporation with its principal office located in Latrobe, Pennsylvania, is engaged as a general contractor in the building and construction industry.

(e) L–D is currently engaged, pursuant to a contract with the General State Authority of the Commonwealth of Pennsylvania, in the construction of the Administration Building at California State College, California, Pennsylvania (hereinafter called the Project). This contract is for approximately $500,000. During the past twelve months, L–D has received goods and materials valued in excess of $50,000 directly from points outside the Commonwealth of Pennsylvania for use at the Project.

(f) Latrobe Lumber and Supply Company (hereinafter called Latrobe) attempted to supply prefabricated pan-type concrete forms which are made of wood and shaped like beehives to L–D for use at the Project on October 16, 1969. Latrobe employees are members of and represented by the Laborers, and are not members of and represented by the respondent.

(g) Respondent on October 16, 1969, physically prevented employees of L–D from unloading the said forms from Lat-

robe's trucks at the Project and told L–D representatives that it would not permit its members employed by L–D to install said forms at the Project.

(h) Although no actual labor dispute between Latrobe and respondent existed on or about October 16, 1969, or thereafter, the conduct described in subparagraph (g) above was tactically calculated to satisfy objectives of respondent in connection with Latrobe's business operation.

(i) Although the collective bargaining agreement entered into by L–D and respondent provides that "the Employer agrees that he will not purchase, nor shall any employee working under this Contract be required to handle, process or install any prefabricated or prefinished material or products which traditionally has been work performed by the Carpenters on the job site  *  *  * " (Article XIX, Sec. 4), respondent's objective in engaging in the conduct described in subparagraph (g) above was not the preservation of work traditionally performed on the job site by members of respondent employed by L–D.

Raymond Kinneer, the carpenter foreman at the Project, testified that the reason given by Haberer for respondent's conduct was that the forms "were made by the wrong union", i. e., Laborers, and that the reason given by Solomon was that they "were not made by the right union", i. e., Carpenters. Solomon, on behalf of the respondent, testified that he would have approved the use by L–D of forms prefabricated by O. C. Cluss Company which employs members of respondent.

(j) By the acts and conduct of respondent described in subparagraphs (g), (h) and (i) above, respondent by its agents has induced and encouraged individuals employed by L–D, which is engaged in commerce or in an industry affecting commerce, to engage in a sitdown strike, or refusal in the course of their employment to use, transport or otherwise handle or work on the aforesaid forms manufactured by Latrobe and has threatened, coerced and restrained L–D and its employees from using said forms.

(k) An object of the acts and conduct of respondent set forth in subparagraph (g) above was to force or require L–D to cease using, handling, transporting or otherwise dealing in the products of, or to cease doing business with, Latrobe.

5. It may be fairly anticipated that, unless enjoined, respondent will repeat the acts and conduct set forth in Finding of Fact 4(g) above, or similar or like acts and conduct.

### CONCLUSIONS OF LAW

1. This court has jurisdiction of the parties and of the subject matter of this proceeding, and under Sec. 10(l) of the Act, as amended, 29 U.S.C. Sec. 160(l), is empowered to grant injunctive relief.

2. There is, and petitioner has, reasonable cause to believe:

(a) Respondent is a labor organization within the meaning of Sec. 2(5) of the Act, as amended, 29 U.S.C. Sec. 152(5).

(b) L–D is engaged in commerce or in an industry affecting commerce.

(c) Respondent has engaged in unfair labor practices within the meaning of Sec. 8(b) (4) (i) and (ii), subparagraph (B), of the Act, supra, (cf. Woodwork Manufacturers v. NLRB, 386 U.S. 612, 644–646, 87 S.Ct. 1250, 18 L.Ed.2d 357 (1967)),* affecting commerce within the meaning of Sec. 2(6) and (7) of the Act, as amended, 29 U.S.C. Sec. 152(6) and (7), and a repetition of these practices will impair the policies of the Act as set forth in Sec. 1 thereof, as amended, 29 U.S.C. Sec. 151.

3. To preserve the issues for the orderly determination as provided in the Act, it is appropriate, just and proper that, pending the final disposition of the matters herein involved pending before the Board, respondent, its officers, rep-

---

* See also, N.L.R.B. v. New York Lithographers & Photo-Eng. U. No. One-P, 385 F.2d 551 (3d Cir. 1967).

resentatives, agents, servants, employees, attorneys, and all members or persons acting in concert or participation with it, be enjoined and restrained from the commission or repetition of the acts and conduct set forth in Finding of Fact 4 (g) above, acts or conduct in furtherance or support thereof, or like or related acts or conduct, the commission of which in the future is likely and may fairly be anticipated from the respondent's acts and conduct in the past.

An appropriate order will be entered.